UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN FINGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2332 HEA |
| | ) | |
| M. JANE SCHWEITZER, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. Respondent has filed her Response to the Court's Order to Show Cause [Doc. No. 11]. Petitioner has filed a reply. [Doc. No. 13]. Upon review of this matter, the Court concludes that the Petition is untimely, pursuant to 28 U.S.C. § 2244(d), and fails to state an actionable claim for relief. The Petition will, therefore, be denied and dismissed.

**Background**

On December 8, 2009, Petitioner was found by a jury to be a sexually violent predator, and the trial court entered a judgment and order of commitment. [Respondent Exhibit A]. Petitioner's motion for judgment notwithstanding the verdict, or for a new trial, was denied on February 1, 2010. [Respondent Exhibit B].

Petitioner claims that, following the trial court's denial of his motion, his trial counsel sent a notice of appeal to the trial court by fax on February 25, 2010. Petitioner has provided the receipt confirmation for the fax on that date. However, the trial court never docketed the notice of appeal, likely because local Missouri court rules afford local courts the discretion to decide

whether to accept filings submitted via fax, Missouri Rule of Court, Rule 43.02(c), and no such local rule exists in the Circuit Court for the City of St. Louis.

In September 2011, Petitioner sent an inquiry to the public defender's office regarding the status of his appeal. Petitioner eventually filed a petition for writ for mandamus in the Missouri Court of Appeals on June 5, 2012, requesting the Missouri Court of Appeals enter a writ of mandamus directing the trial court to file Petitioner's notice of appeal and deem it timely filed. [Respondent Exhibit D]. The Missouri Court of Appeals summarily denied the petition without comment on July 5, 2012. [Respondent Exhibit F]. On July 18, 2012, Petitioner filed a petition for writ of mandamus requesting the same relief in the Supreme Court of Missouri. That petition was also summarily denied without comment on August 14, 2012. [Respondent Exhibits G, H].

Petitioner filed the instant Petition for Writ of Habeas Corpus on December 11, 2012, in which he appears to request the same relief he sought in his state court petitions for writ of mandamus—for this Court to order the St. Louis Circuit Court for the City of St. Louis to file Petitioner's notice of appeal and deem it timely filed.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

## Discussion

### A. Timeliness

Pursuant to AEDPA, there is a one-year statute of limitations when a person in the state's custody petitions for federal habeas corpus relief. *King v. Hobbs,* 666 F.3d 1132, 1134–35 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The date on which judgment becomes final, and the statute of limitations begins to run, differs based on the level of review sought by the petitioner. If the petitioner sought review in the "state court of last resort," then the Supreme Court has jurisdiction to review the appeal and judgment will be considered final 90 days after the conclusion of the direct criminal appeal in the

state system. *Id.* (citing *Gonzalez v. Thayer,* 132 S. Ct. 641, 656 (2012)); *see also* Sup. Ct. R. 13.1; 28 U.S.C. § 1257(a). On the other hand, should a state prisoner opt not to seek review in the "state court of last resort," then "the judgment becomes final on the date that the time for seeking such review expires." *Id.* (quoting *Gonzalez*, 132 S. Ct. at 646). Once judgment is final, the statute of limitations begins to run. *See* 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner was civilly committed on December 8, 2009. His motion for judgment notwithstanding the verdict or for a new trial was denied on February 17, 2010, and his time to file an appeal expired on February 27, 2010. Accordingly, his judgment became final on February 27, 2010, and the statute of limitations under AEDPA began to run. As the state notes, even assuming that a petition for a writ of mandamus could qualify as collateral review for tolling purposes, Petitioner did not file his first mandamus position until June 5, 2012—more than two years after his judgment became final. Further, the statute had clearly run by the time the instant Petition was filed on December 11, 2012.

Petitioner argues that his Petition is timely based on what the Court will construe as a theory of equitable tolling. Under the doctrine of equitable tolling, § 2244(d)'s statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649–50.

The Eighth Circuit has noted that "'[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.'" *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se

status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.") (quotation marks omitted). Further, "[a]n attorney's negligence or mistake is not generally an extraordinary circumstance, however 'serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling.'" *Muhammad v. United States*, 735 F.3d 812, 816 (8th Cir. 2013) (quoting *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)). In *Muhammad*, the Eighth Circuit affirmed the decision not to toll the statute of limitations where the petitioner claimed that his trial attorney told him that she would file his 2255 habeas petition; he wrote several times with no response; her called her several times and she hung up; and he concluded, based on her lack of response, that she must have been working on the petition. *Id.*

Because Petitioner has failed to show diligence or extraordinary circumstances, the Court rejects any argument he may be presenting for equitable tolling. Based on the foregoing, the Court finds that the Petition is untimely, pursuant to 28 U.S.C. § 2244(d).

**B.     Petitioner Fails to State Actionable Claim for Relief**

In addition to being untimely, Petitioner fails to state an actionable claim for relief. In order for a person detained by the state to obtain habeas corpus relief from a federal court pursuant to 28 U.S.C. § 2254, he must demonstrate that his detention violates of his rights under federal law. 28 U.S.C. § 2254(a). *See also Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (per curiam) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, law or treaties of the United States"). Petitioner fails to allege that his confinement resulted from any violation of his federal rights.[1]

Further, habeas corpus relief cannot be granted under § 2254 absent a showing that the Petitioner is confined pursuant to a state court judgment that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner fails to make this argument.

For these reasons, Petitioner fails to state any adequate basis for granting his Petition for Writ of Habeas Corpus, and his Petition will be denied.

**C.     Certificate of Appealability**

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Based on the record, and the law as discussed above, Petitioner has failed to demonstrate that jurists of reason would find it debatable whether the Petition is untimely and the claims are procedurally defaulted. Further, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

Accordingly,

---

[1] Even were the Court to liberally construe the Petition as making an ineffective assistance of counsel argument, Petitioner has not presented any grounds for relief on the underlying judgment, thus rendering an evaluation of the "prejudice" prong impossible. *See Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS HEREBY ORDERED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue.

A separate judgment in accordance with this Opinion, Memorandum, and Order is entered this same date.

Dated this 4th day of May, 2015.

                                                    HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE